CHIEF JUSTICE ROBERTSON
delivered the opinion oe the court.
Asa Wilgus, deceased, late of St. Louis, in making a testamentary disposition of a large estate, among other legacies to his collateral kindred made the following bequest to his nephew, John W. Wilgus, of Lexington, Ky., of one sixteenth of a large uncollected fund, “in trust, however, to manage, invest, and pay over to his brother Jarrett and to his children from time to time, as he for the best interest of him or them from time to time shall deem most beneficial.”
Garrard D. Wilgus, commonly called “Jarrett,” then residing, as he yet does, in the city of Lexington with his family of several infant children, having in the year 1865, shortly after the testator’s death, negotiated a purchase of an improved residence of about twenty-one acres of land adjoining that city for the price of fourteen thousand dollars — four thousand dollars in hand and the residue on time; and the trustee, considering that a good investment of the trust fund, the amount of which had not then been collected or precisely ascertained, agreed to be substituted as purchaser, and anticipating the timely receipt of funds exceeding fourteen thousand dollars, paid the four thousand dollars with money advanced by Garrard; and, after executing joint notes with Garrard for the residual ten thousand dollars, took a conveyance of the legal *207 title to himself as trustee. When the deferred payments became due, no trust fund having come to the hands of the trustee, he concluded to change the investment and let Garrard have the exclusive title to the twenty-one acres on his paying, as he then did; the whole consideration which the trustee was then unable to pay. And to obtain the counsel of the chancellor of Fayette as to his powers and duties, the trustee filed the petition in this case against all the beneficiaries, and asked a legalization of his conveyance to Garrard, which would enable him to make some other and more suitable investment of the trust fund. On this presentation the court below adjudged that the trustee had no power to invest in real estate, and that therefore Garrard is entitled to a conveyance of the legal title to his own exclusive use; and also that, in the future appropriation of the trust fund, the trustee has power to make unequal distribution of it.
It seems to us that the will authorizes investment and reinvestment in any kind of property according to the sound discretion of the trustee; and that consequently he might, by sale or otherwise, change the property “from time to time” as he might deem most advantageous; and as the property in which he attempted to invest the fund is of the most permanent and secure character, would be an eligible and productive home for the family, and has already risen considerably in vendible value, we should doubt whether a more judicious investment could have been made in the first instance.
Had that investment been completed the trustee might have sold for a profit and reinvested the proceeds; and consequently, not being able to fulfill his contract, he had a right to revoke the initial investment which he could not then consummate, and thus leave a transfer to Garrard, who had paid for it the resulting right in equity to the whole of the property thus bought.
The trustee holding the formal title may therefore with *208 propriety convey it to Garrard D. Wilgus, whose children, who may share the property as his family first and ultimately as his heirs, and whose trust fund has not been touched, could not justly complain, but may be benefited by the arrangement.
We therefore, though for a different reason, so far concur with the court below in its conclusion. But as to the distribution of the trust fund, however invested, we do not concur with the circuit judge. It seems to us that the only consistent construction of the legatory clause makes all the beneficiaries co-equal participants in the trust fund; and that, in the distribution of its benefits, the only discretion confided to the trustee is in the time and mode of allotment to each, or enjoyment by each, but altogether, and finally approximating equality as nearly as possible.
Wherefore- the judgment as to the trustee’s conveyance to Garrard D. Wilgus is affirmed; but that concerning the ulterior power of future investments and distributions, as we understand it, is reversed, and the cause remanded for the entry of this opinion on the record of the circuit court.