CASE 60—EQUITY—JUNE 15, 1882.

# Krieger v. Bissell, trustee.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Appellee holding the mortgage for certain bondholders is a trustee of an express trust, and, under section 21 of the Civil Code, might institute his suit for the sale of the land conveyed to him without joining with him the persons for whose benefit the suit was prosecuted.

2. When the land was sold, and appellee, as trustee, became the purchaser for the benefit of the bondholders, the court directed its commissioner to convey it to him as trustee without any reservation of lien, and with full power to dispose of it. Upon his sale and conveyance to appellant, a complete title passed to him.

RUSSELL & HELM FOR APPELLANT.

Appellee is a mere trustee, and the beneficiaries who hold the bonds secured by the trust deed to appellee are not before the court in any way. The deed itself shows that the grantor is trustee only, and the purchaser is bound to take notice of the nature and character of the trust. (Bardstown & Louisville R. R. Co. v. Metcalfe, 4 Metcalfe, 199; Gill v. Logan, 11 B. Mon.; Prather v. Weisinger, 10 Bush, 117;; Newport & Cin. Bridge Co. v. Douglass, 12 Bush, 719.)

GOODLOE & ROBERTS FOR APPELLEE.

1. The suit was properly brought, and inasmuch as appellee is trustee of an express trust, there was no necessity to make the bondholders parties. (Civil Code, sec. 21; 28 Ind., 112; 22 N. Y., 389; Shaw v. R. R. Co., 2 Otto, 611; 92 U. S. Rep., 172; 11 Bear., 569.)

2. Appellee was authorized to buy the property at commissioner's sale, and having the power conferred upon him to sell and convey by the court, undoubtedly the title passed by his conveyance.

3. The case of Prather v. Weisinger, 10 Bush, 117, is not in conflict with this position.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In the year 1872 Suit and Giles conveyed to the appellee, George P. Bissell, the real estate purchased by the appellant to secure the payment of sixty-five bonds, of one thousand dollars each, with coupons attached, the conveyance containing a stipulation that all of the bonds might be matured at the election of the holder or holders of any of said bonds,.

in case of default in payment of the coupons, where the default continued for thirty days. This conveyance was made to Bissell as trustee for the benefit of the parties who might hold or own the bonds, with the right expressly given to the trustee to collect the coupons as well as the principal debt, and in case of default in payment, to enter and take possession of the premises, and to rent the same out, and with the further power to bring suit at the instance of any of the holders of the bonds, in case of default, for the payment of the bonds and a settlement of the trust.

Suit and Giles made default, and an action in equity was instituted by Bissell, the trustee, for a sale of the property conveyed to satisfy the bonds then held by numerous parties. The beneficiaries or bondholders were not made parties to the action or before the court, and upon the final hearing of the cause, a judgment was rendered in favor of Bissell, as trustee, directing a sale of the property conveyed in accordance with the prayer of the petition. The property was sold, and Bissell, as *trustee*, became the purchaser at the price of twenty thousand dollars. This sale was confirmed without objection, and, on motion of the trustee Bissell the commissioner was ordered to make to him, the trustee, a deed for the real estate without any reservation of lien, with full power to dispose of the same. The conveyance was made to him as trustee, properly acknowledged, and entered of record. After this, Bissell, by his agent, sold this property, or so much as is described in the contract, to the appellant, Jacob Krieger, sr., and the latter declining to accept the title, the present action was instituted to enforce the contract, and a conveyance tendered by Bissell.

One of the principal grounds of objection was the failure on the part of Bissell, as trustee, to make the bondholders parties to the action in equity brought by him, as trustee, against Suit and Giles, to subject the trust property to the payment of the bonds; and this is, in fact, the only question in the case.

If, as trustee, he had the right to bring the action without uniting the real beneficiaries, then the conveyance to him, as trustee, without any reservation of lien, with the additional power to sell in order to complete the trust, protects all purchasers from him, in the absence of some allegation of fraud, or notice to the purchaser that he is in some way violating his trusts. No such defense is relied on here, either by the bondholders or the purchaser. The only defense is, that he has no power to execute the trust after purchasing the property, but that he held it as trustee, and the beneficiaries alone could dispose of it. That it was trust property is evident, and that he held it as purchaser in that way is equally manifest; but if the chancellor had jurisdiction to enforce the trust on his application, the power conferred by the judgment and final orders in the original case authorized the trustee to sell and convey a good title, holding the proceeds of the sale, as he did the realty, as trust property. The case of the Bardstown and Louisville R. R. Co. v. Metcalfe, reported in 4 Met., is relied on by the appellant, and that case does throw some doubt upon the question raised. In the case cited, however, Metcalfe, the trustee, had no right to receive either the principal or the interest on the mortgage bonds, although he was seeking to enforce the payment. So he was in court the only plaintiff seeking payment without any right to receive the money, and for that reason, as we understand it, this court determined that

the beneficiaries who were entitled to the money should have been made parties to the action. The only objection to the opinion is the intimation that the trustee must have some real interest other than the *trust* reposed in him by the grant.

Section 21 of the Civil Code, it seems to us, leaves no doubt on this question. That section provides: " A personal representative, guardian, curator, committee of a person of unsound mind, *trustee of an express trust*, a person with whom or in whose name a contract is made for the benefit of another, a receiver appointed by a court, the assignee of a bankrupt, or a person expressly authorized by statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted."

*Bissell* was the trustee of *an express trust*, and by this plain provision of the Code, had the right to maintain the action. The *trust* is fully declared by the parties, and the power of the trustee expressly conferred to receive, collect, *sue*, and pay over. If this is not an express trust, it is difficult to create one.

The duties and powers of the trustee are all clearly defined. If, therefore, the trustee had the right to bring the action, and the court the jurisdiction to sell the property and order the *conveyance*, the purchaser from the trustee acquires the title. The right to bring the action, and the jurisdiction of the court over the subject-matter must be conceded, and for that reason alone the proceedings under it are not void, although they may be erroneous. The trustee is not holding or claiming to hold adversely to the beneficiaries, but is only seeking to execute the trust by selling the property and paying to the beneficiaries their money. To enable him to do this, the power was given him to sell

..and the lien released. It is argued that such a disposition cannot be made of the beneficiaries' property without their consent. .They have, in fact, consented by the trust they, .together with the grantors, have conferred on the trustee; .and when the trustee appeals to the chancellor, his judgment .and orders with reference to the property is binding until .reversed by this court, or in some proper way modified in the court below. Besides, in this case the bonds and cou‑ pons are all filed in the original action, with an agreement on the part of the beneficiaries that they will take the proceeds of the property. This, however, is not material. The purchaser takes the property without any incumbrance, .so far as these parties are concerned, and the contract was properly enforced.