## Hegan v. Netherland, et al.

(Decided January 20, 1911.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, First Division).

1. Wills—Authorizing Executors to Sell Real Estate—Settlement of Estate.—The will specifically authorizing the executors to sell real estate if necessary to settle the estate. Held, that under this power they had ample authority to sell such as was necessary to pay debts and taxes and relieve the remainder of the estate of encurbrance.

2. Same—Court of Equity—Inherent Power.—It is a well recognized principle that a court of equity has the inherent power to direct a sale of trust property in cases where the trust fund can, by reason of such sale, be more beneficially administered in accordance with the intention of the testator.

JOSEPH L. LEINHAM for appellant.

LAWRENCE S. LEOPOLD for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is an appeal from an order of the Jefferson circuit court, confirming sales of certain unimproved real estate belonging to the estate of E. C. Hegan. In a suit for the settlement of said estate the trustees and executors sought a general authority to sell the real estate, pay the debts, and retain the balance in order to enable them to carry out the wishes of the testator as expressed in his will. In said will the executors are empowered to sell the real estate in the following language: "Said executors shall have power to sell real estate." In another portion of the will it is provided that there shall be paid annually to his wife, Mollie E. Hegan, the sum of $2,500, and further, "should the said property so set aside in the deed of trust be insufficient to pay the said sum of $2,500 per year, then I desire the balance of said $2,500 per year to be made up out of income arising from such estate as shall be on hand in my name at the time of my death; or, if not sufficient, out of the estate itself."

Certain personal property was set apart by the testator and placed in the hands of trustees for the purpose of providing for his wife an income. This, by antenuptial agreement, had been originally placed at $1,800, but, under the terms of his will, this sum was increased to $2,500. It is alleged in the petition that the income from

this trust estate is not sufficient to meet the charge of $2,-500 per year, and that the income from the general estate is insufficient to pay this sum; that the estate is indebted, and that the taxes and interest on the indebtedness against the estate are accumulating; and, as the property sought to be sold is in the main unimproved real estate, that it would be to the best interest of all concerned that it be sold.

Upon consideration the court authorized the sale. Before it was sold the land was appraised and advertised as the law directs. The sale was made and reported to court, and, upon a showing that the land had brought as much or more than its appraised value, it was confirmed.

An examination of the will shows conclusively that the testator authorized a sale of his real estate if it should be found that the income derived therefrom was not sufficient to meet the annuity which he created for the benefit of his wife. It is a cardinal rule of construction that the intention of the testator. must govern. When he provided that the money to meet this annuity should be raised out of the income, and if this should not be sufficient then out of the estate itself, he clearly clothed his executors or trustees with the right to sell such of the real estate as was necessary to enable them to comply with this provision of the will. In Perry on Trusts, 5th Ed., Sec. 766, the author says:

"No particular form of words is necessary to create a power of sale. Any words which show an intention to create such power or any form of instrument which imposes duties upon a trustee that he cannot perform without a sale will necessarily create a power of sale in the trustee."

In the will under consideration the testator specifically authorizes the executors to sell real estate if necessary to settle his estate. Under this power they have ample authority to sell such as is necessary to pay debts and taxes and relieve the remainder of the estate of encumbrances. The further direction, that the corpus of the estate be subjected to the satisfaction of the annuity provided for the support and comfort of his wife in the event that the income therefrom was found insufficient for that purpose, carried with it, by necessary implication, the right and power to sell at least enough of the real estate to enable them to carry out this provision of the will.

But if we felt any hesitancy in holding that the language of the will itself authorized the executors to make

sale of the real estate, the judgment of the chancellor would still find ample support in the other well recognized principle, that a court of equity has the inherent power to direct a sale of trust property in cases where the trust fund can, by reason of such sale, be more beneficially administered in accordance with the intention of the testator. This principle was recognized and applied by this court in Meddis v. Bull's Admr., 13 Rep., 767, and Mersman v. Worthington's Ex'rs, 24 Rep., 2115.

We are of opinion that the judgment of the lower court reached the right of the case, and it is. therefore, affirmed.

JUDGE MILLER not sitting.