## Harkins, et al. v. Brown.

(Decided March 14, 1919.)

### Appeal from Fayette Circuit Court.

1. Joint Tenancy—Joint Owners—Agency.—Where the only issue of fact is whether or not one of two joint owners was acting as agent of the other in the sale of the whole property, testimony by one party of the existence of such agency, though contradicted by the other, and the correspondence between them tending to corroborate the former, though not conclusively, held to be sufficient evidence to support the verdict sustaining the agency.

2. Joint Tenancy—Joint Owners—Accounting.—Where one joint owner sold the whole property and received therefrom $12,500.00, he was liable to account therefor to the other if in making the sale he was acting as agent for the latter, whether such agency was the result of previous agreement or subsequent ratification.

3. Joint Tenancy—Liability of Joint Owners.—The father of one joint owner who received from his son a part of the purchase price due the other joint owner, without legal consideration therefor and with knowledge of the facts, is liable therefor to the latter.

4. Trial—Pleading—When Properly Rejected.—An amended answer and cross-petition offered after the case was called for trial alleging the plaintiff held only legal title and seeking to make the alleged equitable owners. parties, properly rejected.

J. D. EDGE and HARKINS & HARKINS for appellants.

FOREMAN & FOREMAN and MILLER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

A preliminary question is raised as to whether the bill of evidence is properly authenticated, but as we have decided the judgment should be affirmed upon the merits

of the case, we shall not pass upon this question of prac-
tice.

It is admitted in the pleadings that prior to Septem-
ber, 1912, the appellant, Joseph D. Harkins, and ap-
pellee, W. L. Brown, owned jointly a large body of land
in Floyd county, Kentucky, containing about 41,000
acres; that on or about September 10, 1912, Harkins,
by written contract, sold and agreed to convey the whole
of this land to O. A. Sears upon his payment of the
agreed purchase.price, and that Sears paid to Harkins
as a part of the purchase price for same $12,500.00, but
did not pay any of the balance thereof, and by the terms
of the sale contract forfeited the $12,500.00 paid by him.
To recover of Joseph D. Harkins and W. S. Harkins one-
half of this $12,500.00 appellee filed this action alleging
that Joseph D. Harkins was his agent in selling his half
interest in the land to Sears, and Walter S. Harkins
with full knowledge of all the facts had received from his
son Joseph D. Harkins, appellee's half of the purchase
money paid by Sears. Issue was joined by the younger
Harkins' denial of the agency, and he asserted as a de-
fense that he sold the whole of the land not as agent
but for himself under an oral option from appellee for
his half interest, but the latter plea was stricken because
the alleged option was not in writing and therefore with-
in the statute of frauds.

The defendant, Walter S. Harkins, in addition to a
denial of the son's agency, denied knowledge of any
agency, but admitted the payment to him by the son of
$9,375.00 of the $12,500.00 paid by Sears on the purchase
price of the land. A trial before a jury resulted in a
verdict and judgment against J. D. Harkins for $6,250.00
and against W. S. Harkins for one-half thereof.

They urge as reasons for reversing that judgment
(1) that the verdict is not supported by the evidence;
(2) the court erred in refusing instructions offered by
defendants, and (3) in rejecting an amended answer,
&c., offered at the beginning of the trial.

The plaintiff testified that it was agreed between J.
D. Harkins and himself before the sale that both would
endeavor to sell the whole of the land, the one as agent
for the other as to his undivided one-half interest, and
that a sale by either should be for their joint benefit,

Joseph D. Harkins testified that in the conversations
detailed by plaintiff, the latter agreed to sell him his half

interest in the land at a fixed price per acre, and denied any agency agreement of any kind.

To sustain their respective contentions, the parties introduced letters and telegrams that passed between them about the time of the sale, and this correspondence in our judgment tends to confirm plaintiff's version of their conversations and to prove the alleged agency. The fact that plaintiff upon several occasions asked of defendant authority to take up the question of a purchase with other parties than those with whom the defendant was then assuring plaintiff he thought he could soon effect a sale, is not, as appellants contend, necessarily, inconsistent with the alleged agency of either for both, since ordinary courtesy and prudence alike demanded of plaintiff that although he had authority from defendant to sell his interest, he should not attempt to exercise that authority while the defendant was about to close out the entire property, because the whole matter would become involved in uncertainty and both rendered liable to carry out two contracts only one of which could be performed, if each acting for both, should make a separate sale to different purchasers.

Besides, the testimony of defendant upon another occasion about the same matter, sustains plaintiff's position and is inconsistent with defendant's present contention, as is also his conduct in failing to notify plaintiff at the time of the sale of the entire property to Sears, of his desire to exercise the option he claims to have had on defendant's interest in the land. Not only did he fail to notify plaintiff of an intention to exercise his claimed option, which was necessary to complete his admitted sale of the whole of the land to Sears, if made solely for his own benefit, but his actions and correspondence evince an effort to conceal from plaintiff the entire transaction involving the whole of their joint interests, which can neither be reconciled with the good faith and fair dealing joint owners owe to each other, nor with the idea that defendant was confident of his right to the whole of the profit resultant therefrom.

We therefore find no merit in the contention that the evidence was insufficient to support the verdict against J. D. Harkins, and as W. S. Harkins admits he got three-fourths of the $12,500.00, or $9,375.00, without a legal consideration therefor and with knowledge it was a payment on the sale of the whole property which he

knew was owned jointly by his son and plaintiff, it is manifest he cannot complain that he is required to refund to plaintiff so much thereof as was his and not J. D. Harkins', even though he did not know his son was selling appellee's half interest as agent, and mistakenly believed he had the right to sell the whole as his own under a verbal option.

2. The instructions offered by defendants and refused, of which they complain, are each and all in substance peremptory directions to find for them whether the jury believed from the evidence J. D. Harkins in making the sale was acting as agent of plaintiff for his undivided half interest in the property or that plaintiff had ratified the sale by defendant of his interest. This, of course, is not the law, because if J. D. Harkins in selling plaintiff's half interest in the property acted as his agent whether by previous express authority or by subsequent ratification, he must account to plaintiff for what he received for his half interest.

The instructions given by the court correctly submited the alleged agency as the basis of J. D. Harkins' liability and as the basis of W. S. Harkins' liability his receipt with knowledge of the facts, of plaintiff's portion of the $12,500.00 and these were the only issues on the pleadings and evidence.

3. The amended answer and cross-petition against new parties offered by defendants after the case was called for trial, even had it been tendered at a proper time, did not present any defense since it only alleged that plaintiff held the legal title to the half interest in the land for the benefit of the alleged real or equitable owners. Admitting this to be true for the sake of the argument, which does not seem to be true from the evidence, these real or equitable owners were not necessary parties as plaintiff, the admitted owner of the legal title, had the right to bring this action in his own name without joining them. (Civil Code, sec. 21; Kreiger v. Bissell, 80 Ky. 330; Barclay v. Goodloe, 83 Ky. 493; Newman's Pleading & Practice, secs. 116 and 185.)

Judgment affirmed.