## Hoskins v. Hoskins.

(Decided November 30, 1923.)

### Appeal from Clay Circuit Court.

1. Divorce—Husband and Wife—Separation Agreements Upheld in Adjustment of Alimony, and also of Survivor's Rights.—If husband and wife are already separated, an agreement as to disposition of property if otherwise fair will be upheld in its adjustment of alimony as well as the rights of the surviving spouse in the property of the other, should the marriage relation continue to exist.

2. Husband and Wife—Separation Agreements Made in Immediate Contemplation of Divorce Sustained.—A separation agreement between husband and wife will be upheld when entered into before actual separation, if made in immediate contemplation thereof, and there exist just grounds therefor, but where the parties are living together in amity, and the agreement is made in prospect of a possible separation in the future, it is void and will not be enforced.

3. Husband and Wife—Reconciliation Abrogates Separation Agreement.—Where inducement forming basis for separation settlement is actual or immediately contemplated separation, the agreement becomes a nullity and is terminated if the actual separation ceases by reconciliation, or if the contemplated one never happens.

4. Divorce—Alimony Allowed Held Not Excessive.—Where a husband owned land worth between $5,000.00 and $7,000.00 and cash or other intangible property amounting to between $7,000.00 and $12,000.00, a judgment granting the wife a divorce was not erroneous for adjudging her $3,000.00 alimony, though she owned a stock of goods in a small store from which she supported and educated five children.

RAWLINGS & WRIGHT for appellant.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The parties to this litigation are husband and wife. The husband, appellant and plaintiff below, James B. Hoskins, filed this equity action in the Clay circuit court

on June 26, 1919, against his wife, the appellee and defendant below, Lucy J. Hoskins, seeking a divorce from her on the ground of her abandonment of him for more than one year without his fault. Her answer denied the grounds alleged in the petition and by counterclaim she sought a divorce from plaintiff on the grounds of settled aversion, and cruel and inhuman treatment. She also asked judgment for alimony in the sum of $5,000.00. The reply denied the averments of the counterclaim and in defense of the claim for alimony plaintiff relied on an agreement which the parties entered into, and which was made the judgment of the Madison circuit court on December 30, 1903. At that date the parties were, and had been for some time, residing in Madison county, and prior thereto the wife had instituted proceedings in the Madison circuit court against her husband, and the agreement referred to was in settlement of her claim for alimony made in that suit. Under its terms the husband agreed to and did pay to the wife the sum of $1,000.00, and further agreed to execute his note to her in trust for their five children for the sum of $1,500.00, payable five months thereafter, which was to be invested in real estate with the title to the wife in trust for the children until the youngest arrived at twenty-one years of age, when the trust should cease, but until then the investment was to be in a home for the wife and children. The note was never executed, nor were any of the stipulations with reference thereto carried out. On the contrary, the parties became reconciled within a short time thereafter and moved to Clay county, where they now reside and where they lived together as husband and wife from that time forward. In avoidance of that agreement defendant pleaded in her reply the reconciliation and subsequent cohabitation, and also alleged the failure of plaintiff to perform his agreements thereunder. Her reply was controverted of record and upon submission, after preparation, the court dismissed plaintiff's petition but sustained the counterclaim and granted defendant an absolute divorce and gave her judgment against plaintiff on her alimony claim for the sum of $1,500.00, to reverse which he prosecuted this appeal.

No effort is or could be made to disturb the judgment of divorce; nor is it contended by plaintiff's counsel that the evidence did not authorize it. On the contrary, it is at least tacitly assumed that the proof justified the court in rendering it. That assumption is fully justified by the

proof in the case, since it abundantly sustains both grounds contained in the counterclaim. Since the judgment of divorce can not be reversed, we have referred to the proof for the purpose, only, of showing defendant's right to recover alimony in the absence of some other fact or facts that would defeat it. Plaintiff's counsel, in their brief, urge as grounds for reversal (1), that the agreement referred to is a complete defense to the wife's claim for alimony, and (2), if mistaken in ground (1), then the judgment is excessive, both of which we will consider in the order named.

1. It will not be necessary in disposing of ground (1), to enter into an extended discussion of the law concerning "separation agreements" or "separation settlements." Suffice it to say, that if the parties are already separated the agreement, if otherwise fair, will be upheld both in its adjustment of alimony, as well as the rights of the surviving spouse in the property of the other, should the marriage relation continue to exist. Likewise will the agreement be upheld when entered into before actual separation, if made in immediate contemplation thereof and there exist just grounds therefor. But, where the parties are living together in amity and the agreement is made in prospect of a possible separation in the future, it is void and will not be enforced. 9 Cyc. 520; 9 R. C. L. 524; Simpson v. Simpson, 4 Dana 140; McCrocklin v. McCrocklin, 2 B. M. 370, and Gaines' Admr. v. Poor, 3 Met. star page 503.

In either case, however, the inducement forming the basis for the settlement is the *actual* or *immediately* contemplated separation, and if the actual separation ceases by reconciliation, or if the contemplated one never happens, the agreement becomes a nullity and is terminated. 9 R. C. L. 354; Schouler on Marriage and Divorce, vol. 2, sections 1312 and 1812; Knapp v. Knapp, 95 Mich. 474, 55 N. W. 353; Wright v. Wright, 127 N. W. (Mich.) 338, and other cases referred to in the Knapp opinion. The Wright case involved facts which, in all material respects, were the same as we have here. The parties became reconciled after the execution of the agreement, and cohabited together as man and wife, and the court said: "The agreement to separate was therefore abrogated," which necessarily included all of its terms, including those relating to maintenance or alimony for the wife. The general rule on the subject is thus stated in the reference to

R. C. L.: "So it was held at an early date, and is now well established as a general rule, that a separation agreement is terminated *for every purpose,* in so far as it remains executory and contemplates the living apart of the spouses, where the parties subsequently become reconciled and return to cohabitation. The duration of the reconciliation is immaterial. If there is an intention to resume permanently the marital relation, cohabitation between husband and wife after the making of the agreement, be it for ever so short a time, is sufficient to annul the agreement." (Our italics.) See also Archbald v. Archbald, 1913D, Am. Ann. Cas. 261, and note to case of Dennis v. Perkins, 43 L. R. A. (N. S.) 1291. In this case the parties immediately became reconciled after the execution of the agreement and lived together as husband and wife for as much as, or more than, fifteen years, which, under the law as above shown, terminated the settlement and worked an annulment of its terms.

2. But little time need be devoted to ground (2). Plaintiff owns three parcels of land worth in the aggregate, according to the proof, between five and seven thousand dollars. Up to and within about a year of the filing of this action he had for many years been engaged in the logging business, and also as a dealer in cattle, and it is conclusively proven that he deposited considerable sums of money with various banks located within a radius of thirty or forty miles of his residence, and with one in Lexington, Ky., and another in Cincinnati, Ohio. It is likewise so proven that shortly before filing this action, he commenced to and did sell his horses, mules, cattle and other personalty, and that he necessarily had at the time of the submission cash or other intangible property amounting to between seven and twelve thousand dollars. The defendant owns a stock of goods in a small store house where the parties live, which business she has owned and conducted since the reconciliation and from the proceeds of which she has supported in the main, not only plaintiff but also her five children, including supplying their clothing and paying for the greater part of their education, which was sufficient to enable each of them to obtain a first-class certificate to teach in the public schools. She has been faithful, dutiful and industrious amid all the cold, grouchy and inconsiderate conduct of her husband. The stock of goods owned by her was valued by the witnesses at from fifteen hundred to six

thousand dollars, but defendant is indebted therefor, the exact amount of which not being shown. The court in fixing the amount of alimony took into consideration the sum paid by defendant under the above agreement and credited the adjudged amount with that sum. He advanced to his wife after the reconciliation $500.00, which he said was $100.00 for each of the children, making a total of fifteen hundred dollars paid under the agreement, which, with the $1,500.00 judgment in this case, makes a total of $3,000.00. Whether the court was right in charging the defendant with the amount she received under the agreement we need not determine, since she is not complaining of it on this appeal; but assuming only for the purposes of the case that the court was right in doing so, then we are not prepared under the proof to say that the judgment was excessive. That conclusion is not only based on the facts we have above recited, but upon others appearing in the record, that are of less persuasive effect and which it is unnecessary to specify.

Wherefore, the judgment is affirmed.