## Cole v. Waldrop.

(Decided October 7, 1924.)

### Appeal from Calloway Circuit Court.

1. Husband and Wife—Postnuptial Contracts Fixing Property Rights may be Entered Into.—Husband and wife may enter into postnuptial contract fixing their property rights after separation or in contemplation of immediate separation, and such contracts are enforceable.

2. Husband and Wife—Resumption of Marital Relations after Reconciliation Renders Previous Contract of Separation Void.—Reconciliation of husband and wife and resumption of marital relations for any period of time will render previous contract of separation and settlement of property rights void.

WEAKS & PHILLIPS and J. WEAKS for appellant.

COLEMAN & LANCASTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

At the time of the marriage of J. A. Cole and Hattie Hughes, in December, 1914, she was the owner of a tract of land in Calloway county of the value of $6,000.00 and of certain personal property, including household goods. He had very little property of his own. After living together for about three or four years they disagreed and decided to separate permanently. With this in mind they had a notary prepare the following writing, settling their property rights:

"We, the undersigned, Jno. A. Cole and Hattie Cole, both agree jointly to have a division of said personalty property that is held by and between us to be divided and each to take his or her part and retain or dispose of said property as he or she see fit, and the crop that was grown on the farm this year is to be divided as follows, each to receive one-half each.

"Jno. A. Cole further agrees to relinquish all rights of dower or homestead in and unto the real estate now owned by Mrs. Hattie Cole or any other property that she may own hereafter. Mrs. Hattie Cole further agrees to relinquish all rights of dower

or homestead in and unto any property now owned or ever to be owned by Jno. A. Cole.

"Given under our hands this Nov. 26, 1918.

"J. A. COLE.
"HATTIE COLE.

"Subscribed and sworn to before me by J. A. Cole and Hattie Cole, to be their acts and deeds this Nov. 26, 1918.

"Com. expires Jan. 28, 1922.

"E. BROWN, Notary Public."

It will be observed that after subscribing the writing the parties were sworn by a notary. After living separate and apart for some months Mr. and Mrs. Cole became reconciled and again lived together as man and wife in her home. When they were having their trouble about the time they separated Mrs. Cole made a will whereby she disposed of all her property, giving to her husband only $5.00, which "sum is intended by me as full satisfaction and settlement of all his property rights in my estate." The remainder of her property she gave to her only daughter, Mrs. Vera Hughes, appellee herein. The testator died August, 1920. Soon thereafter her daughter, who was named executrix of her mother's estate, took charge of all the property. Within the time provided by statute appellant, J. A. Cole, by proper writing, renounced the will of his wife and elected to take under the statutes.

Claiming a curtesy in the lands left by his wife and one-half of the personalty of which she died seized and possessed, appellant J. A. Cole instituted this action in the Calloway circuit court against the daughter, Vera Wardrop, executrix, to be assigned a life estate in one-third of the real property, and an absolute estate in one-half of the personalty alleged to be of the value of $200.00. The circuit court dismissed his petition and adjudged that he pay the cost, and he appeals.

The general rule is that a husband and wife may enter into a post-nuptial contract, fixing their property rights after separation, or in contemplation of immediate separation, and such contracts are enforceable. We have so held in Luttmer v. Luttmer, 143 Ky. 844; Edelson v. Edelson, 179 Ky. 300; Hendrick v. Hendrick, 4 Ky. L. R. 724; Kefauer v. Kefauer, 22 Ky. L. R. 386. See also note 26 Am. & Eng. Anno. Cases, 326; 21 Cyc. 1254, — R. C. L. —.

It is also a rule of general acceptation that a reconciliation of the parties and the resumption of the marital relation for any period of time, will render a previous contract of separation void. 26 Cyc. 1594; Hendrick v. Same, *supra;* Kefauer v. Same, *supra.*

We think the contract which the parties entered into at the time of their separation was valid and enforceable had they not resumed their marital relations after a reconciliation. But having resumed their relations after a reconciliation as husband and wife, the contract in contemplation of law became a nullity and neither was bound by it.

Clearly the trial court erred to the prejudice of appellant Cole in ruling otherwise. Judgment reversed for proceedings consistent with this opinion.

Judgment reversed.