### Sanders, et al. v. Wender.

(Decided November 7, 1924.)

### Appeal from Harlan Circuit Court.

1.  Evidence—Writing Apparently Stating Contract Between Parties Must Govern.—If writing apparently states contract between parties, it must govern, unless it is attacked for fraud or mistake in its preparation.

2.  Trial—Construction for Court and Not for Jury.—Construction of writings is for court, and not for jury.

3.  Evidence—Preliminary Negotiations Between Parties Conclusively Presumed to have been Agreed on, and Writing to Express True Contract.—When parties arrive at agreement and reduce it to writing, all preliminary negotiations are conclusively presumed to have been agreed on, and writing itself to express true con-

tract, unless it is attacked for fraud or mistake, and party cannot show oral discussions preceding time contract was finally reduced to writing.

4. Evidence—Contract Concerning Right of Renewal of Lease Held Not Ambiguous, so as to Warrant Admission of Oral Testimony to Explain.—Agreement concerning renewal of lease held not ambiguous as to time when option could be exercised, so as to warrant oral evidence to explain it.

5. Landlord and Tenant—Agreement, Giving Right of Renewal, Held to Contemplate Election to Renew at End of Term, and Not at Beginning.—Lease "for period of three years, with the privilege of five years' renewal from the completion and turning over" of property, held to contemplate that renewal privilege was to be exercised at expiration of the three years, and not beginning thereof.

6. Landlord and Tenant—Distinction Between Stipulation to "Renew" and One to "Extend" Stated.—There is clear distinction between stipulation to "renew" lease for additional term and one to "extend," in that stipulation to renew requires making of new lease, while one to extend does not.

W. A. BROCK for appellants.

HALL, JONES & LEE (F. F. ACREE and ACREE & BAKER of counsel), for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Appellee, by a directed verdict, was found "not guilty" of forcible detainer, and appellants have appealed. In January, 1919, appellants made a contract with appellee, a portion of which is as follows:

"This lease and contract made and entered into by and between Sudie Sanders and her husband, G. E. Sanders, of Harlan, Harlan county, Kentucky, parties of the first part, and S. B. Wender, of Jellico, Tennessee, party of the second part, witnesseth, that the parties of the first part have this day leased unto the party of the second part for a period of three years with the privilege of five years' renewal from the completion and turning over to the party of the second part, the following described property. . . ."

The contention of appellee is that this contract is so plainly written and the language used is so unmistakable as to meaning, that there is no room for any construction to be placed upon it except what the language

of the contract itself shows. The law of this state is well settled that if the writing itself apparently states the contract between the parties that it must govern, unless it is attacked for fraud or mistake in its preparation. It is also well settled law that the construction of the writing is for the court and not for the jury. Regal Block Coal Co. v. Bently, 204 Ky. 66.

The counsel for appellants in his brief contends that this contract is so ambiguous that its meaning can not be ascertained without the introduction of parol testimony. Pursuant to this theory appellant sought to introduce his own oral testimony, not to enlighten the court upon any situation of the parties, but to try to show what the oral discussions were between them before their contract was finally reduced to writing. This would not be competent in any case. When the parties arrived at their agreement and reduced it to writing all preliminary negotiations are conclusively presumed to have been agreed upon and the writing itself to express the true contract, unless it is attacked for fraud or mistake.

It is disclosed by the record in the testimony of appellant himself that about thirty days before the expiration of the three years appellee notified him in writing of his intention to avail himself of his option to extend or renew this lease for the five years provided for in this contract, and was willing and ready to continue under the old contract or draw a new contract if appellants desired it.

It is the contention of appellants that this written contract between the parties was for a term of three years with the privilege or option on the part of the appellee to determine at the beginning of the three years whether he wanted to "renew" the contract before it even commenced to operate.

To adopt appellant's construction of the contract it seems to us is so out of accord with what the parties must be presumed to have had in mind when they made the contract that no court could agree with this contention, to say that a month or so before the building was ready for occupancy that the appellee, who desired to enter into the "goods business" and was seeking to establish a location for himself for at least three years with the privilege of a longer time, would enter into a contract by which he was to decide at the beginning of the three years rather than at the end thereof whether

he wanted to continue in business five years longer at the same stand. If the contract had been so worded as to indicate that such was the intention of the parties, then there might have been some reason to say that it was ambiguous and needed some sort of explanation.

The construction which the lower court placed upon this contract is reasonable, and the draftsman of this contract could hardly have selected more apt words in which to embrace this clause than the words he did use, viz.: "For a period of three years with the privilege of five years' renewal." The words which follow the word "renewal," "from the completion and turning over to the party of the second part," clearly refer to the time when the rent should begin, and likewise when the term of rental should end.

There is no pretense that the sum of $100.00 per month was not reasonable rental for this building at the time appellee obligated himself to pay that monthly for a period of three years. It is claimed that the present rental value is $200.00 per month, but what the rental value would be during the entire period of five years, of course, is problematical. Of course, at the time this contract was made appellants thought they were getting, and no doubt were getting, big rent for this property as conditions then existed, and they voluntarily gave appellee this option to renew or extend this lease for a period of five years longer at the same price, and now at the end of the three year period because conditions in Harlan happen to be such that they could rent this property for a much larger sum, they are seeking some way to escape the plainly written provisions of their contract.

In the case of Grant v. Collins, 157 Ky. 36, 162 S. W. 539, this court held that there is a clear distinction between a stipulation in the lease to renew the same for an additional term, and one to extend, in that a stipulation to renew requires the making of a new lease, while one to extend does not.

In the present case the tenant not only remained in possession of the property, but notified appellants before the expiration of the three-year period of his election to exercise his right of renewal for five years more.

In the recent case of Kozy Theater Co., et al. v. Love, et al., 191 Ky. 595, 231 S. W. 249, decided by this court on February 4, 1921, this court discussed the decisions upon similar questions not only from this court, but from the highest courts of other states.

A helpful discussion of a similar question growing out of a similar contract will be found in the case of Ingram v. Lane, decided October 14, 1924, reported in 205 Ky. 57, 265 S. W. —.

The judgment is affirmed.