## R. G. Hill & Company v. Walters.

(Decided June 11, 1926.)

Appeal from Lawrence Circuit Court.

Sales—Road ·Contractor Buying Out Subcontractor Held Not Entitled to Deduct from Payments Due Amount by which· Subcontractor's Pay Roll Exceeded Anticipations.—Road contractor buying out a subcontractor, agreeing to make certain cash payments and assume ·certain liabilities of subcontractor, held not entitled· to deduct from cash payments amount by which pay roll of subcontractor, which it was required by its contract with the state to meet, exceeded anticipations.

S. S. WILLIS for appellant.

W. T. CAIN and T. S. THOMPSON for appellee. .

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Walters recovered a judgment for $1,000.00 against R. G. Hill & Company, and it has appealed.   On August 30, 1922, these parties made this contract:

"For the consideration of $500.00· cash, $2,500.00 on September 10th, 1922, and assumption of $2,400.00· due Watson Hardware ·Company, $1,500.00 due Hercules Power Company, and $800.00· feed 'bill, Z. A. Walters waives all right to any revenue from his contract with R. G. Hill & Company, and they release Walters from all obligations on said road, except no obligations are to be considered except mentioned above.

"R. G. HILL & COMPANY,
"Z. A. WALTERS."

When this $2,500.00 became due, Hill & Company only paid $1,500.00, and Walters sued it for the balance.

In its answer, Hill & Company says it had to pay for Walters a pay roll of $6,594.49, and that it had only agreed to assume $4,000.00 of this pay roll.   Therefore it says Walters should take nothing by his action, and it should have a judgment against Walters for $1,594.49. The president of Hill & Company testified it was only to assume $4,000.00 of the pay roll. . Walters testified it was to assume all ·of this pay roll.   Only one other person knew anything about the transaction between these

people, and that was K. C. Elswick, who was present when the trade was made, and had kept the books for both of them. In his deposition we find:

"Q. Did R. F. Hill, at the Ventura Hotel, at the request of Mr. Walters, ask you what you thought the pay roll would be?

"A. I think so; while they were trying to come to an agreement Mr. Hill asked Mr. Walters what he thought the pay roll would be for the month, and Mr. Walters said about $3,500.00 or $4,000.00, or it might be more or it might be less, or said something to that effect, and he told him to ask me, and Mr. Hill asked me what I thought it would be, and I said I didn't know, but I thought it would be more than that, but I could not tell him just exactly.

"Q. Was there anything said at the Ventura Hotel, at the time the contract was entered into, that Walters was to pay back anything in excess of the $4,000.00?

"A. No, sir; Mr. Hill asked me if I thought the estimate for the month would pay the pay roll, and I told him I thought it would overpay it."

Elswick further testified the pay for work done in August was something like $9,000.00 which Hill & Company received. Hill & Company now contend that as this contract was in writing, in the absence of a plea of fraud or mistake, no evidence can be received to show that as a part of this contract, Hill & Company was to meet this pay roll. It makes this contention with great strenuosity, and to support his centention he cites: Pickerall & Craig Co. v. Bollinger-Babbage Co., 204 Ky. 214, 264 S. W. 737; Saunders v. Wender, 205 Ky. 422, 265 S. W. 939. A sufficient answer to its contention is to call attention to the fact that it is the one that is endeavoring to bring in the pay roll matter. Walters would necessarily have succeeded if all evidence relative to pay roll had been stricken. Hill & Company was the original contractor with the state to construct this road, and had given bond so to do and was compelled, under that bond, to meet all pay rolls connected with the work. Walters was only a subcontractor under Hill & Company, and Hill & Company had to meet this pay roll when it bought Walters out, not because it contracted with Walters to pay it, but because it contracted with the state to pay it. Having

paid it, it can not get it back.   If the above evidence is to be received, Hill & Company must lose, and if the evidence is rejected Walters will win on his contract.

The judgment is affirmed.