## Dawson v. Dawson.

(Decided December 11, 1928.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Husband and Wife.—Married woman, with certain exceptions, may make contracts and may own money or personal property to the same extent as a single woman.

2. Husband and Wife.—Where wife loaned to husband money representing her own property, or receipts from earnings of part of husband's store which she directed, and husband accepted money as a loan, husband's note was valid and enforceable in wife's suit thereon after divorce, and could not be attacked for want of consideration.

3. Husband and Wife.—Wife may contract with her husband and take ordinary evidence of indebtedness, and promissory note given by husband to wife for money loaned and mortgage to secure loan are valid.

4.  Husband and Wife.—Husband, who promised to pay debt to wife out of rents of real estate, could not, in wife's suit thereon after divorce, maintain that note was mere receipt or memorandum of transaction.

5.  Divorce.—Settlement contract in divorce suit providing for alimony for wife in full settlement of all of her claims against defendant's property, and by which she waived "any and all right to any further real estate or personal property belonging to the defendant," held not to release wife's right to enforce note previously given by her husband.

6.  Divorce.—Contract, whereby wife releases all rights and interests in husband's property, does not operate as a release of rights in her own property, including chose in action due her from husband.

7.  Evidence.—Where writing is couched in ordinary terms, without ambiguity, and there is no allegation or proof that any part of contract was omitted by fraud or mistake, parol proof is incompetent to establish meaning of contract.

8.  New Trial.—Motion for new trial is properly overruled where newly discovered evidence is not such as would be likely to bring about a different result on another trial.

JOHN ROSE for appellant.

ANNA H. SETTLE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On August 26, 1921, Miles Dawson executed to his wife a note by which he agreed to pay her $500, six months after date, with interest at 6 per cent. In January, 1927, the parties were divorced, and on December 14, 1927, she brought this suit against him to recover on the note. He filed an answer pleading: (1) That prior to the date of the note he was conducting a grocery store in Louisville; his wife assisted him from time to time in the store, and while acting as clerk she had taken therefrom money to use for herself, and out of this money she had saved the $500, which she returned to the defendant and the note was given as a memorandum and receipt of the transaction. (2) That he had paid the note in its entirety through the rental of certain houses belonging to him which she had collected after he turned the same over to her to collect in payment of the note. (3) That in the divorce suit there was a written contract by which all matters between them were settled, including the note. The case was heard before a jury, who returned a verdict for the plaintiff. The defendant appeals.

The undisputed evidence is that on one side of the store dry goods were sold, and that Mrs. Dawson ran this part of the business mainly. She also had $200 when they were married, and she kept a number of chickens, selling eggs, etc. The undisputed proof is that in August, 1921, the husband was starting to the bank to borrow $500 in some trade that he had on. His wife said to him that she had $500 she would lend him. He accepted the offer; she gave him the $500 and he gave her the note. She had been a faithful worker in the store. He knew then as much about this $500 as he knows now. She had the $500 as her property. She lent it to the defendant at his request, and he gave her his note for it. A married woman, with certain exceptions not material here, may make contracts and may own money or personal property just as a single woman. This was her money when she lent it to the defendant, and he accepted it as a loan from her. He cannot now maintain that the note was without consideration.

In 13 R. C. L. p. 1371, sec. 416, the rule is thus stated:

> "A wife, if empowered to contract with her husband, has the same right as other persons to take the ordinary evidences of indebtedness and securities for money loaned to him. Therefore a promissory note given by a husband to his wife for money so loaned is valid, and so is a mortgage executed by him to secure such a loan."

If the wife, at the date of the note, instead of lending this money to her husband, had invested it in real estate and taken the deed to herself, his subsequent creditors could not have complained. Houston Grocer Co. v. McGinnis, 45 S. W. 514, 20 Ky. Law. Rep. 157.

No rights of creditors are involved. The husband cannot maintain that the note was a mere receipt or memorandum of the transaction, in view of his subsequent admitted promise to pay the debt to her out of the rents of the real estate referred to.

The evidence as to the note being paid out of the rent of the house referred to was conflicting. The jury, under proper instructions, found for the plaintiff on this issue. Their verdict is not against the weight of the evidence.

This leaves only for consideration the contract of settlement in the divorce suit. That is in these words:

> "1. It is agreed between the plaintiff and defendant that the plaintiff will accept the house and lot known as No. 2069 South Preston Street, Louisville, Kentucky, together with the household and kitchen furniture therein; said house and lot to be free of all encumbrances, the defendant to convey same to plaintiff, and the further sum of Sixty ($60.00) Dollars, per month as alimony during her life, provided, however, she does not remarry, in which event said monthly payment of $60.00 as alimony shall cease, in full satisfaction of any and all claims against the property of the defendant which she now has or may hereafter have against the defendant.
>
> "2. It is further agreed that the court costs and attorneys' fees have heretofore been settled.
>
> "3. It is further agreed that the plaintiff waives any and all right to any further real estate or personal property belonging to the defendant."

By this agreement the wife only settled "all claims against the property of the defendant." She waived "any and all right to any further real estate or personal property belonging to the defendant." The language of the writing must be read in connection with the divorce suit in which the agreement was made. It was a settlement of the divorce suit and the property rights of the parties as husband and wife. The natural meaning of the terms of the writing goes no further.

In 30 C. J. p. 712, the rule is thus stated:

> "A contract, whereby the wife releases all rights and interests in the property of the husband, does not operate as a release of her rights in her own property, including a chose in action due her from the husband."

To the same effect, see Price v. Price, 78 S. W. 888, 25 Ky. Law Rep. 1803.

There was no pleading or proof that any part of the contract was omitted from the writing by fraud or mistake, and the writing being couched in ordinary words, its meaning and effect must be determined from the writing. Parol proof is never competent to establish the

meaning of a writing where it is expressed in ordinary, unambiguous language. To allow parol evidence in such a case would be to make the rights of the parties depend, not upon the writing which they signed, but upon the parol proof. This cannot be done, except upon allegation and proof of fraud or mistake. Sanders v. Wender, 205 Ky. 422, 265 S. W. 939; J. B. Colt Co. v. Clay, 216 Ky. 782, 288 S. W. 745.

The newly discovered evidence was not such as might reasonably bring about a different result on another trial, and the motion for a new trial was properly overruled.

"The rule is well settled that a new trial will not be granted for newly discovered evidence unless it is so convincing as most likely to produce a different result, or, as the rule is sometimes expressed, 'unless the evidence be of such decisive character as to render a different result reasonably certain.'" Reid v. Craig, 204 Ky. 151, 263 S. W. 678.

Judgment affirmed.