## Whisman v. Whisman.

(Decided March 5, 1929.)

278

F. M. JONES and W. A. BROCK for appellant.

·CHARLES B. SPICER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming in part and reversing in part.

The appellant and appellee were married and lived together for about 30 years. They separated on September 21, 1927, and the appellee filed his petition October 1, 1927, in which he sought a divorce on the grounds of lewd and lascivious conduct on the part of appellant, and that she was living in adultery. He also sought to have certain property which he had conveyed to the appellant restored to him, as well as $1,000 which he had paid to her in cash. The appellant denied each of the allegations in the petition in which a cause of action was alleged, and made her answer a counterclaim, seeking a divorce on the ground of cruel and inhuman treatment, and asking for alimony, as well as a reasonable attorney's fee.

They had no children, but appellant had a child by a former marriage. They had acquired some property by their joint labors. A few months before the separation, the appellee conveyed by deed a part of a tract of land which he owned to the appellant. After the separation he sold the remainder of the land, and out of the proceeds he gave appellant $1,000. The evidence is rather meager as to the purposes of the conveyance and the giving of the $1,000. Appellee leaves the impression in his testimony that he was attempting to make a division of the property, and the appellant seems to have had the same idea in mind. Considerable proof was taken as to the value of the respective parcels of land; that is, the part conveyed to the appellant and the part retained by appellee. It is fairly well established that appellee, in giving the $1,000 to appellant, was attempting to make her equal with himself in the division of the property. The chan-

cellor granted appellee a divorce, and directed appellant to restore to him the $1,000, but allowed her to retain the land which he had conveyed to her. He refused to allow any attorney's fee for her benefit.

There is no reason for us to go into the proof in detail. Appellee is a deaf mute, but a man able-bodied and willing to work. He was about 56 years of age at the time he instituted this suit, and the appellant was about the same age. They are referred to in the brief filed in behalf of appellant as very old people, and she is referred to as a woman in her dotage. The proof does not establish that they are either old or infirm. Several years prior to their separation, appellee rented one of the rooms in his home to a man named Shepherd, who appears to be a preacher. He had resided in their home for several years before the separation, and he continued to reside in the home with the appellant and her three grandchildren after appellee had left his home.

The petition alleges that she was living in adultry with Shepherd, but, leaving out of consideration the evidence of two young men who were offered as witnesses in behalf of appellee, there is little, if any, evidence tending to show anything improper in the relationship between appellant and Shepherd. There had been considerable talk in the neighborhood about their manner of living, but no one was able to testify to any particular act calculated to arouse a serious suspicion in the minds of right-thinking people that appellant was living in adultry. The two witnesses referred to above testified to actual acts of adultery which they claimed to have seen, but their evidence is so unreasonable, and they contradict each other to such an extent, that their testimony makes very little impression on the court. They were also thoroughly contradicted by good men and women, who testified to the impossibility of their having seen what they claimed at the time and place that they claimed to have witnessed the improper conduct. The chancellor, however, granted the divorce, and we could not reverse the judgment, if we were so disposed, and it must be remembered that the chancellor was in better position to weigh the evidence than we are. He could visualize the picture from the evidence in the record, and probably from actual observation of the parties and witnesses, better than we can, and we are not inclined to find fault with his conclusions granting the divorce.

The appellant is complaining because she was required to restore the $1,000, and the appellee has taken a cross-appeal, and is making the complaint that the chancellor erred in not restoring to him the land which he had conveyed to appellant. Complaint is also made by appellant that she was not allowed an attorney's fee. Section 425, Civil Code, requires each judgment for a divorce from the bond of matrimony to embody an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during the marriage, by reason thereof, and any property so obtained, without a valuable consideration, shall be deemed to have been obtained by reason of marriage. It has often been held that the property which a wife receives from her husband, without consideration, during her marriage to him, must be restored to him when a divorce is granted. Dunn v. Dunn, 183 Ky. 841, 210 S. W. 943; Eversole v. Eversole's Adm'x, 169 Ky. 234, 183 S. W. 494. But it has also been held that property settlements, fairly made in contemplation of separation, will be upheld, and that they are not affected by the statutory order of restoration in divorce proceedings. Middleton v. Middleton et al., 207 Ky. 508, 269 S. W. 552.

Considering all the evidence in this case, we have reached the conclusion that the property conveyed to the appellant, as well as the $1,000, which was given to her out of the proceeds of other property, was a settlement made in contemplation of separation, and that the statutory order of restoration, which is a necessary part of every judgment of divorce, should not affect the property so received by the appellant in this case.

Complaint is made that the chancellor did not allow an attorney's fee for the benefit of appellant. Section 900, Kentucky Statutes, provides that the husband shall pay the costs of each party, unless it shall be made to appear in the action that the wife is in fault and has ample estate to pay the same. The chancellor found that the wife was in fault, and we are not disposed to disturb that finding, and for that reason the judgment refusing to allow an attorney's fee for the benefit of appellant will not be disturbed. The judgment of the chancellor, allowing the wife to retain the land conveyed to her by her husband, and refusing to allow an attorney's fee for the benefit of appellant, is affirmed, but in so far as the judg-

ment requires the appellant to restore the $1,000, which she received from her husband, it is reversed.

The judgment on the original appeal is affirmed in part and reversed in part, and the cause remanded for proceedings consistent with this opinion. The judgment is affirmed on the cross-appeal.