## Elliott v. Turner.
(Decided Oct. 31, 1933.)

FORESTER & SMITH for appellant.

J. B. SNYDER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

In February, 1929, the appellee, W. M. Turner, conveyed a parcel of land to his then wife, now Naomi Elliott, appellant herein. About a year later she filed a suit of divorce and took some proof. Early in 1931 Turner was committed to the Federal Penitentiary at Atlanta. Afterward, in April, 1931, the divorce proceeding, which had remained dormant, was submitted and a judgment rendered divorcing the parties, apparently without his actual knowledge. No alimony was asked and, of course, none allowed. Neither was there an order of restoration of property as is required by section 425, Civil Code of Practice. Shortly after the judgment was entered, Turner brought this suit against his former wife, who had married in the meantime, to cancel and set aside the deed and have the title in the property restored. Section 2121, Statutes; section 425, Civil Code of Practice. The chancellor granted relief, and the defendant appeals.

The plaintiff testified that the property was conveyed to his wife simply because of the relationship and without any other consideration. The defendant testified that a month or more before the deed was made she and her husband had had a violent quarrel and he proposed to take the money he had and give her the real estate and leave. However, he did not leave, and it was nearly a year before she filed the suit for divorce and over two years before the judgment was rendered. During all of this time the parties continued to live together as husband and wife, perhaps not as peaceably as model spouses should, but as had been usual with them. At the railway station when he departed for prison he gave her $1,400 in cash and a note for about $400 owing him and which she subse-

80

quently collected. She then clave to him so tightly that the officers had to pull her loose.

Most of the evidence in the case was that of the parties. While both were incompetent to testify as to what occurred between themselves during marriage, and each filed exceptions to the deposition of the other, neither asked for a ruling thereon, so far as the record discloses. It must therefore be deemed that they waived the question of competency and permitted a consideration of the evidence by the court. Hall v. Hall, 241 Ky. 317, 43 S. W. (2d) 1001: Wise v. Goldsmith's Ad'r, 239 Ky. 819, 40 S. W. (2d) 345.

While upon the facts there would be little difficulty in choosing to accept the plaintiff's version of the reason for the conveyance, the case may well be decided against the defendant on her own evidence that it was made as a separation settlement. But they did not separate. As stated, the marriage relation continued until the husband was forcibly taken from her by operation of the criminal law. The subsequent reconciliation and conduct nullified any separation agreement. Hence the consideration for the conveyance failed and the title to the property was obtained only by reason of the marriage. Kefauver v. Kefauver, 57 S. W. 467, 22 Ky. Law Rep. 386; Hoskins v. Hoskins, 201 Ky. 208, 256 S. W. 1; Cole v. Waldrop, 204 Ky. 703, 266 S. W. 274; Ray v. Ray's Executrix, 249 Ky. 347, 60 S. W. (2d) 935.

The judgment restoring the property to the plaintiff was proper, and it is accordingly affirmed.