## Hartley v. Hartley.

June 3, 1947.

W. Scott Miller, Judge.

T. A. Luman for appellant.

Hardin H. Herr and Lawrence & Hays for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing in part.

This is the fourth action for divorce which has been instituted by appellant against appellee. The first three were dismissed before judgment. Before the third action was filed the parties entered into the following written contract:

"Agreement as to Alimony
and Property Division

"This agreement made and entered into by and be-

tween Reba Hartley and Charles A. Hartley this 1st day of April, 1944, at Springfield, Ohio, witnesseth:

"That whereas unhappy differences have arisen between the parties hereto and whereas they desire to settle their matters with respect to their real estate, personal property, the right of visitation and alimony, it is agreed,

"That in consideration of the mutual promises from one to the other and other valuable considerations as hereinafter contained, the said parties agree as follows:

"That said Charles A. Hartley agrees to deed all his right title and interest in and to the real estate as hereinafter set-forth free of any rights that he may have in said real estate, subject to a mortgage, which mortgage the said Reba Hartley assumes and agrees to pay.

"Situate in the County of Clark and in the City of Springfield, and bounded and described as follows, viz.

"Being Lot No. 5914 as the same is numbered and designated on the record plat of McNally's Addition to said City of Springfield, said plat being recorded in Vol. 5, Page 42, of the Plat Records of Clark County, Ohio.

"The said Charles A. Hartley agrees to release and relinquish any and all right to any War Saving Bonds that the said Reba Hartley has in her possession and a bank account in the sum of $200.00.

"That in consideration thereof the said Reba Hartley agrees to pay the said Charles A. Hartley the sum of $200.00.

The said Reba Hartley shall have as her own any and all household goods free of any rights of the said Charles A. Hartley, therein.

"The said Charles A. Hartley shall have the right to have said minor child of the parties on Sunday of each week by calling for said child at the home of the said Reba Hartley at 1:00 P. M. o'clock and returning said child to the home of Reba Hartley by not later than 3:00 P. M. o'clock. Right to visit said child at any other reasonable time.

"It is further agreed that the said Reba Hartley shall have the care and custody of said minor child of

the parties hereto, unless the same is changed by the mutual consent of the parties, or by order of a Court in a divorce action brought by either of the parties, but until the same is changed the said Charles A. Hartley shall pay to the said Reba Hartley for the support of said child the sum of $8.00 per week, beginning upon the signing of this agreement.

"The said Reba Hartley does hereby release the said Charles A. Hartley from all obligations of future support for herself and she does further release and relinquish unto the said Charles A. Hartley, his heirs, executors, administrators or assigns, all the rights or claims by way of dower, inheritance and descent in and to the real property of the said Charles A. Hartley, now owned or hereinafter acquired, and any and all rights or claims, to a distributive share of his personal estate, now owned or hereafter acquired, and all claims for an allowance for year's support, and to reside in his mansion house, and all right or claims as widow, heir, distributee, survivor or next of kin, in or to the estate of the said Charles A. Hartley, whether real estate or personal, and whether now owned or hereinafter acquired, and all other rights and claims of every kind and nature arising or growing out of said marriage relation.

"And the said Reba Hartley, for the consideration of the agreements of said Charles A. Hartley, herein contained, does further covenant and agree that she will not in any manner, incur or contract any debts on the credit of the said Charles A. Hartley, and will not incur any liabilities on his behalf, and that, in any divorce action brought by either of the parties hereto, the said Reba Hartley will not ask or apply for any further or future allowance for counsel fees, or any alimony either temporary or permanent, but the division made this day by and between the parties hereto as evidenced by this agreement shall be in full satisfaction of all such claims and demands, including costs of suit.

"And in consideration of the said release of the said Reba Hartley, the said Charles A. Hartley does hereby release and relinquish unto the said Reba Hartley, her heirs, executors or assigns, administrators, all rights or claims by way of dower inheritance and descent, in and to the real estate of the said Reba Hartley,

now owned or hereafter acquired, and any and all right or claims to a distributive share of her personal estate now owned or hereafter acquired, and to reside in her mansion house, and all rights or claims as widower, heir, distributee, survivor or next of kin, in and to the estate of the said Reba Hartley, whether real or personal, and whether now owned or hereafter acquired, and all other rights and claims of every kind and nature arising or growing out of said marriage relation.

"It is further agreed by the parties hereto that this agreement shall be in effect and in force whether a divorce is or is not granted to the said Reba Hartley or the said Charles A. Hartley, in any action that may be brought by either of the parties hereafter.

"It is mutually agreed that each party hereby waives any right he or she may have, to administer the estate of the other party upon the death of such other party.

"In witness whereof, the parties have hereunto set their hands the day and year above written in duplicate original.

"(Signed)  Reba Hartley
"(Signed)  Charles A. Hartley

"Signed in the presence of
"Robert S. Olinger

"C. S. Olinger"
"State of Ohio, Clark County, ss.:

"Before me a Notary Public, in and for the State of Ohio, personally appeared the above named Reba Hartley and Charles A. Hartley, who acknowledged that they did sign the foregoing instrument and that the same is their free act and deed.

"In testimony whereof, I have hereunto subscribed my name and affixed my official seal at Springfield, Ohio, this 1st day of April, 1944.

"(Signed)  Robert S. Olinger
"(Seal)                    Notary Public for the State
                           of Ohio, Robert S. Olinger
"Comm. expires 9/23/44"

Pursuant to the contract appellee executed and delivered to appellant a deed to the real estate described

in the contract; appellant retained the war bonds, money to her credit in the bank, and the household goods; and paid $200 to appellee. The contract was executed on the first day of April, 1944. On the fifth day of June of that year the parties resumed marital relations and the suit was dismissed, but they did not enter into further negotiations with each other in respect to their property rights. Appellant sold the real estate and household goods, and on June 30, 1944 the parties moved to Louisville, Kentucky. At that time appellant had $2700 to her credit in a bank. After moving to Louisville she invested $700 in household furniture and entered into a contract for the purchase of a house and lot in Louisville, paying $1,000 in cash on the purchase price. On June 19, 1945 the parties separated for the fourth time, and appellant's petition for a divorce, based on cruel and inhuman treatment, was filed on August 14 following. Appellee counterclaimed and sought a divorce on the same ground. The Chancellor, sustaining the findings and recommendations of the Commissioner, granted appellee a divorce; appellant the custody of the only child; directed appellee to pay appellant the sum of $10 per week for the child's maintenance; and ordered appellant to convey to appellee her interest in the real property situated in Louisville, upon the theory that it was property received by her from her husband during the marriage and by reason thereof, and subject to restoration under the provisions of Section 425 of the Civil Code of Practice. The order likewise directed appellee to pay appellant's attorney's fee which was fixed at $150. Appellant assigns two grounds for reversal of the judgment: (1) That the Court erred in directing her to convey her interest in the Louisville property to appellee; and (2) that the fee of $150 for the services rendered by her attorney is inadequate, suggesting that this amount be raised to $500.

Agreements between husband and wife in respect to settlement of property rights generally are upheld by the courts, and property thus disposed of is not subject to, or affected by, an order of restoration in divorce proceedings which were pending or anticipated by the parties at the time the contract was entered into. Whisman v. Whisman, 228 Ky. 277, 14 S. W. 2d 1061; Middleton v. Middleton, 207 Ky. 508, 269 S. W. 552, and cases

therein cited. But it has been held that, where the sole inducement for entering into the contract is actual or immediately contemplated separation, and if the actual separation ceases or the contemplated one does not occur, the agreement becomes a nullity. Hoskins v. Hoskins, 201 Ky. 208, 256 S. W. 1. This rule has been followed in Cole v. Waldrop, 204 Ky. 703, 265 S. W. 274; and Elliott v. Turner, 251 Ky. 78, 64 S. W. 2d 462. In Cole v. Waldrop, supra (204 Ky. 703, 265 S. W. 275) the Court said:

"We think the contract which the parties entered into at the time of their separation was valid and enforceable, had they not resumed their marital relations after a reconciliation; but, having resumed their relations after reconciliation as husband and wife, the contract in contemplation of law became a nullity, and neither was bound by it."

In Ray v. Ray's Ex'x et al., 249 Ky. 347, 60 S. W. 2d 935, which it will be noticed was rendered after Middleton v. Middleton, supra, Whisman v. Whisman, supra, Hoskins v. Hoskins, supra, and Cole v. Waldrop, supra, but before Elliott v. Turner, supra, the Court recognized the rule recited in the above cases, but stated that it does not always apply to the executed parts of such agreements. The Court said, 249 Ky. 347, 60 S. W. 2d 936:

"It may be conceded that subsequent reconciliation and cohabitation put an end to deeds of separation between husband and wife, so far as they provide for living apart and to provisions in them of an executory nature by which the husband undertakes to furnish separate maintenance for the wife, Hendricks v. Hendricks, 4 Ky. Law Rep. 724; but this rule does not always apply to the executed parts of the agreement. Whether executed agreements are so far avoided as to require a return of the consideration depends on the intention of the parties. Dennis v. Perkins, 88 Kan. 428, 129 P. 165, 43 L. R. A., N. S., 1219; 9 R. C. L. 535."

The court then held that the evidence clearly showed that, upon resuming marital relations, the parties intended that each should retain permanently the property he and she had received under the separation agreement. The Ray case is the only one we have found where it was manifest that the parties intended the

property settlement to be and remain in full force and effect after resumption of marital relations; but we think the opinion in that case does not conflict with any of the other decisions we have referred to. In the contract in the instant case the parties provided:

"It is further agreed by the parties hereto that this agreement shall be in effect and in force whether a divorce is or is not granted to the said Reba Hartley or the said Charles A. Hartley, in *any action* that may be brought by either of the parties hereafter." (Emphasis ours)

It is clear to us that this provision of the contract was inserted to give permanence to the agreement, and that it clearly manifests that it was the intention of the parties at the time that no subsequent conduct should have any effect upon the division of the property. The parties no doubt were mindful of the possibility of a reconciliation, since they had reconciled their difficulties on two previous occasions. But whether they should live together or apart, the contract shows that they intended to settle once and for all their respective rights to the property jointly accumulated by them. That being true, the transfers of the various properties mentioned in the contract were binding, and none of the property contracted about was subject to an order of restoration. Thus the proceeds of sale of the property in Ohio became the individual property of appellant.

In purchasing the Louisville property appellant caused it to be conveyed to her and her husband jointly. Marriage was the only consideration for this conveyance to appellee. It is true the evidence shows appellee made some payments on the Louisville property; the sums paid by him, however, do not aggregate, and are offset by, the amount he is in arrears in maintenance payments to appellant under the contract. We are of the opinion that, instead of ordering appellant to convey her interest to appellee, the Court should have directed appellee to restore to appellant his interest in the Louisville property, because it was property received by him during, and solely by reason of, the marriage.

Appellant's contention in respect to her attorney's fee can not be upheld, because in the contract of settlement she agreed to forego her right to require appellee

358

to pay her attorney's fee in the event of a divorce proceeding. She may not reap the benefits of the contract and deny her obligation under it. However, the judgment in this respect can not be disturbed, because appellee has made no complaint in respect to it, and it appears that this part of the judgment has been satisfied.

Appellee's contention that appellant can not rely upon the contract because she did not plead it is without merit. Both parties testified as to the existence of the contract and substantially as to its terms, and the contract itself was filed by appellant without objection on the part of appellee. In divorce proceedings the Court has the right and duty to inquire into ownership of property in order to determine restoration rights; and it is unnecessary to plead ownership of property in specie in such actions.

The judgment is reversed to the extent indicated. On return of the case another will be entered in conformity with this opinion.