# Reese v. Greenlee.

October 15, 1948.

Astor Hogg for appellant.

Sampson & Sampson for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Reversing.

This appeal involves the question of a property settlement agreement between appellee, John L. Greenlee, and his wife, Evelyn, made in contemplation of divorce. After the divorce was granted Evelyn married appellant, Morton Reese. She lived less than a year after her second marriage and in a suit to settle her

estate this controversy arose as to whether $3200 in cash sent to her by Greenlee from England and about $1600 in jewelry she had received from him as his wife were assets of her estate under the separation agreement, or whether the first husband was entitled to have them restored to him under KRS 403.060(2) and sec. 425 of the Civil Code of Practice. The chancellor decided in favor of the first husband, Greenlee, and the second husband, Reese, appeals.

This action was brought by the administrator to settle Evelyn's estate, but we deem it unnecessary to enumerate all the parties to the action or to refer to the various pleadings. However, it may be helpful to give a brief background of Evelyn and her first husband, since this may shed some light on their intentions and what they had in mind when entering into this property settlement in contemplation of divorce.

Greenlee and Evelyn married in 1933 and appeared to have lived together happily. They had no children and he entered the army in 1943 where he served for thirty-nine months. She wrote him in England in 1944 that she desired a divorce so she might go to Oak Ridge, Tennessee, and operate a beauty shop as a single woman. He seems to have had no objection to his wife obtaining a divorce and she had an agreement drawn to settle their property rights, which was mailed to him in England. He made some changes in the paper and returned it to her. It was then redrawn, dated Dec. 14, 1944, signed by her, mailed again to England where the husband executed it and returned it to his wife.

The paper recites the husband agreed to enter his appearance in the divorce action and to waive notice of the taking of proof. The divorce judgment was entered on January 8, 1945, and Evelyn married Reese March 11th, with whom she lived until her death in November 1945. The settlement agreement, which was incorporated in the divorce judgment by reference, is rather long and instead of setting it out in full, we will only give the gist of it, quoting the last section of the last paragraph.

The first paragraph gives the husband an automobile the parties owned jointly but the wife was to have the use of it as long as she resided in Lynch. The second

paragraph gives the wife all the furniture which the parties owned jointly. The third paragraph gives the husband his postal savings stamps and certificates, while the fourth divided equally between them $725 in bonds the couple owned. The fifth paragraph recites the husband is to convey to the wife a tract of land they jointly owned in Tennessee, for which she was to pay him $600 for his half; this paragraph further recites the details to be followed by the wife in paying for the half interest in this land and in transferring to the husband his bonds, saving certificates and stamps. The sixth paragraph states that the allotment the husband made the wife from his army pay shall cease when the divorce judgment is entered and should she receive any government checks thereafter, she would repay them to him. The seventh and last paragraph of the separation agreement is to the effect that the husband will not be required to pay the wife "any form of alimony, attorneys' fees, court costs or other expenses" in connection with the contemplated divorce action. The last section of this last paragraph of the agreement reads:

"The foregoing represents a complete property settlement between John L. Greenlee and his wife, Evelyn Greenlee, and the said John L. Greenlee places himself before the court for the purpose of Evelyn Greenlee to obtain a divorce, and waives notice to take depositions and agrees to the foregoing and no further."

Greenlee testified for himself without any objection being registered. In addition to what appears above regarding the marriage and the execution of the property settlement agreement, Greenlee testified that while abroad in the army he sent his wife a total of $3800 which she was to keep for him until he was terminated from the service, and of this sum she only returned $600. This money was separate and distinct from an allotment of $52 per month he sent Evelyn from his army pay and he is making no claim against her estate relative to the monthly allotment. He further testified that the jewelry was given by him to his wife in consideration of the marriage. Appellee attempts to make much of the fact that his testimony is uncontradicted.

Section 425 of the Civil Code of Practice and KRS 403.060(2) provide upon final judgment of divorce each

party shall restore all property, not disposed of at the beginning of the action, that he or she obtained from or through the other during the marriage and in consideration of marriage. It is insisted by appellant that a property settlement fairly made in contemplation of separation or divorce will be upheld and is not affected by the above statutes of restoration. He cites Middleton v. Middleton, 207 Ky. 508, 269 S. W. 552 and Whisman v. Whisman, 228 Ky. 277, 14 S. W. 2d 1061, which sustain his contention. Appellee's position is that where the settlement only disposes of certain named property it does not preclude a spouse from obtaining restoration of any property not mentioned in the settlement which was received in consideration of the marriage. It is further urged by appellee that this $3200 was a debt owed by the wife to him which was not released by the settlement, citing Dawson v. Dawson, 226 Ky. 750, 11 S. W. 2d 933.

The universal rule is that in construing contracts courts attempt to arrive at the intention of the parties as expressed in the instrument as a whole and in so doing consider the subject matter of the contract, the situation of the parties and the conditions under which the agreement is written. 12 Am. Jur. secs. 241, and 242, pages 772 et seq.; Siler v. White Star Coal Co., 190 Ky. 7, 226 S. W. 102; Krieger v. Title Ins. & Trust Co., 260 Ky. 1, 83 S. W. 2d 850.

Applying this rule to the facts in the instant case we are constrained to hold that this contract was a complete and final settlement between this couple of all property rights. Greenlee did not accept the agreement as first drawn but had it changed and sent back to his then wife. At that time he knew she had this money and jewelry and had he not intended that she retain them, he should have had the redraft of the contract so state. The contract specifically stated Evelyn was to return his savings stamps and certificates and that the $725 in bonds they owned should be divided between them; also, that his allotment to her should cease on entry of the divorce judgment and any checks thereafter received should be returned to him. It is passing strange that had Greenlee not intended for Evelyn to retain this cash and jewelry he would have had the contract so recite

and state they were to be returned to him along with the property just mentioned that the wife was to restore.

Furthermore, by the terms of the settlement Greenlee was to pay no alimony, attorneys' fees, court costs or other expense connected with the divorce action. It is not illogical to infer from this that the $3200 was to be retained by the wife in lieu of alimony, attorneys' fees and the court costs. The contract closes with these words, ''The foregoing represents a complete property settlement between John L. Greenlee and his wife, Evelyn Greenlee.'' Certainly, in view of this language it cannot be inferred that the parties had any intention that the wife was to restore to the husband her engagement ring and other jewelry he had given her.

Appellee puts much reliance in Hartley v. Hartley, 305 Ky. 350, 203 S. W. 2d 770, but we are unable to see wherein he can derive comfort therefrom. That opinion states the contract the Hartleys entered into shows that they intended to settle once and for all their property rights. Likewise, the contract in the instant case shows the parties intended a complete and final settlement of their property rights.

We are not in accord with appellee's counsel that this $3200 represents a debt the wife owed the husband and was not covered in the property settlement. The facts in the instant case distinguish it from Dawson v. Dawson, 226 Ky. 750, 11 S. W. 2d 933. Mrs. Dawson held her husband's note for $500 and the contract provided she had settled all claims against the property of her husband and waived any and all right to any further property belonging to him. In the case at bar Greenlee had no note or other evidence of the alleged debt and the agreement entered into between him and his wife recites it represents a complete property settlement between them.

Nor can we agree with appellee that the phrase ''the foregoing represents a complete property settlement between John L. Greenlee and his wife, Evelyn Greenlee,'' are mere words of recital in the agreement without the force of contractual stipulations. The words just quoted are as much a part of the contractual stipulations of this agreement as the words, ''The contractor agrees to deliver to the owner a fully completed house,'' would be in

a building contract. There is no force in appellee's argument that the specific provisions of this contract control over the general provision that it is a full and complete settlement, since there is no inconsistency between the two. Restatement of the Law of Contracts, sec. 236(c), page 327. Certainly from the intention of the parties as shown in the contract, there is no room here for the application of the ejusdem generis rule, 12 Am. Jur. 279, sec. 244.

The judgment is reversed with directions that one be entered declaring that the $3200 and the jewelry were the property of Evelyn at the time of her death under the separation agreement, and that Greenlee is not entitled to have them restored to him under KRS 403.060 (2) or sec. 425 of the Civil Code of Practice.

The judgment is reversed.