### SPECHT v. STOKER.

Court of Appeals of Kentucky.
June 20, 1952.

Wm. H. Crutcher, Jr., Henry I. Fox, Louisville, for appellant.

Robert P. Hobson, Woodward, Hobson & Fulton, Louisville, for appellee.

SIMS, Justice.

The question before us in this declaratory action is, does the waiver by the landlord of a provision in a lease as to subletting carry over to an extension of the lease for an additional five year term at the option of the tenant? In a concise and logical opinion the chancellor, Hon. Macauley L. Smith, held the waiver applied to the extended term, and the landlord appeals.

We had this same lease before us in Specht v. Stoker, Ky., 237 S.W.2d 78, where we held that the landlord orally waived the provision that the property could not be sublet without his written consent. The provision of the lease which we held the landlord waived was set out in the former opinion and will not be inserted here. It is admitted that the tenant on July 27, 1951, exercised his option to extend the lease for an additional five year term from January 1, 1952, and at the time he exercised his option to do so, the subtenant Neal was occupying a part of the leased premises.

It is written in 32 Am.Jur. "Landlord and Tenant", § 956, p. 805:

"In some of the cases the courts seem to disregard any distinction in meaning between a renewal and an extension. However, generally a distinction is made between a provision in a lease for a renewal and a provision therein for the extension of the term at the option of the lessee, the courts treating the latter, upon the exercise of the privilege, as a present demise for the full term to which it may be extended and not a demise for the shorter period with a privilege for a new lease for the extended term. So, if a lessee had the privilege of an extension, and holds over upon giving notice as therein required, he holds for the additional term under the original lease and not under the notice; the act of the lessee in giving notice that he will hold for the additional term is not the making of an agreement concerning land, and is not within the statute of frauds concerning that subject, and may be given by an agent having no written authority. Furthermore, if the privilege is an extension and not a renewal of the lease, the execution of a new lease is not necessary."

This rule is followed in our jurisdiction. Grant v. Collins, 157 Ky. 36, 162 S.W. 539, Ann.Cas.1915D, 249; Sanders v. Wender, 205 Ky. 422, 265 S.W. 939. Under this rule, when the tenant here exercised his option to extend the lease for an additional five year term, it became a demise for ten years and as the landlord had waived written notice relative to subletting the premises, his waiver carried over to the additional five years for which the lease was extended.

Counsel for appellee cite Flynn v. Bachner, 168 Mich. 424, 134 N.W. 451, which is directly in point. The facts set out in the Flynn opinion are so similar to those in the case at bar that we deem it unnecessary to give them. Furthermore, the same procedure was followed by the landlord in the Flynn case as was followed by the landlord here, and the Supreme Court of Michigan held the extension of the lease at the option of the tenant carried over into the extended term a waiver by the landlord of a provision in the lease forbidding subletting, which waiver was given before the lease was extended. Also, the Michigan Supreme Court held the judgment in favor of the tenant in the first case was res adjudicata in the second case, and we likewise hold that the plea of res adjudicata by the tenant here of the judgment in the first case is a good defense to the landlord's second suit to oust him by reason of his having sublet the premises.

Appellant seems to lean heavily on McHugh v. Knippert, Ky., 243 S.W.2d 654 and Schwartz Amusement Co. v. Independent Order of Odd Fellows, 278 Ky. 563, 128 S.W.2d 965. The facts in those opinions distinguish them from the case at bar and neither is controlling.

The judgment is affirmed.