### LAFEVERS v. LAFEVERS.

Court of Appeals of Kentucky.
March 6, 1953.

James Sampson and Edward G. Hill, Harlan, for appellant.

Daniel Boone Smith and Ray O. Shehan, Harlan, for appellee.

WADDILL, Commissioner.

The appellant, Carrie M. Lafevers, brought this suit to recover certain bonds from appellee, Gabe Lafevers. The court, at the close of appellant's case, directed a verdict for appellee. This appeal is taken from a judgment entered on the verdict.

In February, 1948, the parties to this action were divorced. During the pendency of the divorce action they entered into an agreement settling their property rights. The court in granting the divorce approved the property settlement which provided that the appellant was to receive $5,000 in cash, a valuable house and lot in Harlan, certain furniture and household goods. Appellant concedes that she has received this property. The agreement contains this provision: "It is understood that the above is to be accepted by the defendant (appellant) in lieu of all claims for alimony and property rights she may have in any and all property owned by plaintiff (appellee)."

At the time of the property settlement the parties were in possession of seven U. S. Government bonds. Five of these bonds were of the denomination of $100, one of $25 and one of $500.

In this suit appellant seeks to be adjudged the owner of these bonds, except the $500 bond in which she claims to own a one-half interest.

The appellant, in an effort to sustain her claim, testified that the $100 bonds and the $25 bond were paid for by money she inherited from her father, money she had acquired by selling chickens and eggs, and by money she found on the streets of Harlan. She asserts the $500 bond was purchased out of the proceeds of a sale of a lot which they had jointly owned.

The bonds in question were payable to either appellant or appellee and were kept in a safety deposit box at the Harlan National Bank. Both parties had a key to the deposit box, but shortly before the divorce action appellee took appellant's key and refused to return it. Appellant admits that after she executed the agreement she asked appellee for certain personal articles belonging to her which were in the deposit box and that these articles were delivered to her. Appellant raised no question about the bonds until the filing of this suit.

The universal rule is that in construing contracts courts attempt to arrive at the intention of the parties as expressed in the instrument as a whole and in so doing consider the subject matter of the contract, the situation of the parties and the conditions under which the agreement is written. Reese v. Greenlee, 308 Ky. 275, 214 S.W.2d 262; Krieger v. Title Ins. & Trust Co., 260 Ky. 1, 83 S.W.2d 850; Siler v. White Star Coal Co., 190 Ky. 7, 226 S.W. 102; 12 Am. Jur., Sections 241, 242, pp. 772 et seq.

Applying this rule to the facts in the instant case we think it was appellant's intention to surrender her interest in the bonds when she accepted the terms of the settlement agreement. At the time appellant executed the agreement she knew that appellee was in possession of the bonds and could cash them at any time he elected to do so. Appellant made no demand for the return of the bonds but accepted $5,000 in cash and the other valuable considerations under the agreement. Under these circumstances her intention in respect to the bonds is manifested by her acts.

The facts in the instant case distinguish it from Dawson v. Dawson, 226 Ky. 750, 11 S.W.2d 933, relied upon by appellant. Mrs. Dawson held her husband's note for $500 and the contract provided she had settled all her claims against the property of her husband and waived any and all rights to any future property belonging to him. In the instant case appellant had no note or other evidence to show that appellee was indebted to her.

The judgment is affirmed.