**W. P. SHELTON, Appellant,**

v.

**Ethel SHELTON, Appellee.**

Court of Appeals of Kentucky.

March 9, 1956.

Hobson & Meigs, Charles L. Hobson, Frankfort, for appellant.

William A. Young, Frankfort, for appellee.

PER CURIAM.

This is a motion for an appeal from a judgment of the Franklin Circuit Court, Hon. W. B. Ardery, Judge, incorporating in a divorce judgment rendered more than a year previously a property settlement made between the parties wherein the husband agreed to pay the wife $35 per month after she had satisfied a debt she owed him

of $324.39, and the husband was not to resist her divorce action.

Appellant insists this agreement is void as it was entered into in consideration of his agreeing the wife might obtain a divorce, citing Edleson v. Edleson, 179 Ky. 300, 200 S.W. 625, 2 A.L.R. 689; Overstreet v. Barr, 255 Ky. 82, 72 S.W.2d 1014; Dodd v. Dodd, 278 Ky. 662, 129 S.W.2d 166.

Appellee contends that as she relied upon the settlement agreement and did not ask for alimony she is not precluded from seeking alimony in an independent action; and upon her giving due notice to appellant of a motion to have the court incorporate the settlement agreement in the previously rendered divorce judgment, the court was authorized to grant her this relief, citing Cooper v. Cooper, 314 Ky. 413, 234 S.W.2d 658; Hanks v. Hanks, 282 Ky. 236, 138 S.W.2d 362.

Appellee's son, who is a step-son of appellant, was killed in the late war. The compensation from the United States Government for the boy's death was $70 per month and appellee had one-half of the check, or $35, paid to appellant. The proof in the divorce record before us shows appellant had abandoned appellee without fault on her part for more than one year and she proved her ground for divorce.

The husband had "kept books" on his wife and charged her with various and sundry items, which are usually supplied a wife by a husband, totaling $324.39. The agreement recites that when appellee repays appellant the $324.39 he will then pay her $35 each month. This is no more than restoring to the wife her own property upon divorce, as is provided in KRS 403.-065, suit for which may be brought after divorce. Elliott v. Turner, 251 Ky. 78, 64 S.W.2d 462.

■ Since the divorce was granted without fraud being perpetrated upon the jurisdiction of the court, no appeal lies from that judgment. King v. King, 214 Ky. 171, 283 S.W. 73. But as was written in Dodd v. Dodd, 278 Ky. 662, 129 S.W.2d

166, even if the settlement agreement is void, we do have authority to pass upon the property rights of the wife. It was held in Cooper v. Cooper, 314 Ky. 413, 234 S.W. 2d 658, on page 659, that jurisdiction in a divorce action is of a continuous nature, and it was there written: "In some circumstances alimony has been allowed in Kentucky subsequent to the dissolution of the marriage relation."

■ Under the facts in this record we have no hesitancy in saying the husband shall pay to the wife $35 per month from the time her debt to him of $324.39 is satisfied. It would have been grossly unfair had the court not required appellant to restore to appellee the $35 per month he received on account of a son she lost in the war, which son was not related to him.

For the reasons given, the motion for appeal is overruled and the judgment is affirmed.

CAMMACK, J., not sitting.